**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **EVELYN LABELLE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 12 C 8449** |
| | ) | |
| **ILLINOIS STATE TOLL HIGHWAY** | ) | |
| **AUTHORITY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motions to dismiss. For the

reasons stated below, the motions to dismiss the federal claims are granted. The

remaining state law claims are dismissed without prejudice.

## BACKGROUND

Plaintiff Evelyn LaBelle (LaBelle) alleges that in 2009 she was arrested and

certain criminal charges were brought against her. LaBelle allegedly requested a

copy of the videotape of her arrest (Videotape) from Defendant Illinois State Police

and Defendant Illinois State Toll Highway Authority. LaBelle contends that she was

1

charged $20 for the Videotape. LaBelle contends that she was entitled to the Videotape as part of the discovery in the criminal proceedings brought against her and that she should not have been charged the $20 fee. Labelle brought the instant action and includes in her complaint claims brought pursuant to 42 U.S.C. § 1983 (Section 1983), alleging a violation of Labelle's due process and equal protection rights (Count I), Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/1 *et seq.* claims (Count II), state law unjust enrichment claims (Count III), and state law ultra vires claims (Count IV). Defendants now move to dismiss all claims. The court notes that although LaBelle has entitled her complaint as a class action complaint, the court has not certified any class in this action and LaBelle is the sole Plaintiff in this action.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir.

2002).  A plaintiff is required to include allegations in the complaint that "plausibly

suggest that the plaintiff has a right to relief, raising that possibility above a

'speculative level'" and "if they do not, the plaintiff pleads itself out of court."

*E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir.

2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007));

*see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive

a motion to dismiss, the complaint must contain sufficient factual matter, accepted as

true, to state a claim to relief that is plausible on its face," and that "[a] claim has

facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct

alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations

omitted).

## DISCUSSION

### I.  Section 1983 Claims

Defendants argue that the Section 1983 claims are untimely.  The statute of

limitations for Section 1983 claims filed in Illinois is two years.  *Gomez v. Randle*,

680 F.3d 859, 864 (7th Cir. 2012); *Draper v. Martin*, 664 F.3d 1110, 1113 (7th Cir.

2011); *see also Wallace v. Kato*, 549 U.S. 384, 388 (2007)(explaining accrual of

Section 1983 claims). LaBelle alleges that on or around October 20, 2009, she requested through her attorney a copy of the Videotape. (Compl. Par. 10). LaBelle did not bring the instant action until October 19, 2012, almost three years later. Thus, the Section 1983 claims are untimely.

LaBelle argues that her Section 1983 claims should be deemed to be timely under the equitable tolling doctrine. Under the equitable tolling doctrine, a claim is not deemed to accrue until "the plaintiff knows or should have known that his constitutional rights were violated." *Licari v. City of Chicago*, 298 F.3d 664, 668 (7th Cir. 2002); *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990)(explaining that the equitable tolling doctrine "permits a plaintiff to avoid the bar of the statute of limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim").

Labelle argues that she did not realize that her constitutional rights had been violated until the Illinois Supreme Court's decision in *People v. Kladis*, 960 N.E.2d 1104, 1110 (Ill. 2011). LaBelle asserts that, in *Kladis*, the Illinois Supreme Court "clarified that" evidence such as a video of an arrest or traffic stop "was required to be provided." (Ans. SP Dis. 2). However, LaBelle's Section 1983 claims must be premised on more than a general concept that the Videotape was supposed to be provided to her. A Section 1983 claim must be premised on the violation of a federal

4

constitutional right. 42 U.S.C. § 1983. The court in *Kladis* did not address federal

constitutional rights or rule based on federal law. Instead, the court in *Kladis* ruled

that, based on Illinois state law, a videotape of a traffic stop is discoverable material

that should be made available to a criminal defendant. 960 N.E.2d at 1110-11. Nor

did the court in *Kladis* address whether a fee could be charged for providing a

criminal defendant with a videotape of an arrest or traffic stop. The issue presented

in *Kladis* was whether sanctions were appropriate because the videotape of the traffic

stop in that case had been destroyed and could not be provided to the plaintiff. *Id.* at

1106-08. Unlike in *Kladis* the videotape at issue in this case was provided to the

criminal defendant. Thus, *Kladis* did not shed light on the issue of whether the

deprivation of the Videotape absent a $20 payment violated Labelle's constitutional

rights and *Kladis* did not provide justification for the untimely filing of the complaint

in the instant action.

In addition, even if *Kladis* had shed light on federal constitutional issues,

Labelle fails to explain why she could not have discovered such guidance based on

the earlier ruling by the Illinois Appellate Court in the *Kladis* case in July 2010.

*People v. Kladis*, 934 N.E.2d 58, 60 (Ill. App. Ct. 2010). Even if the claims accrued

on that date in June 2010, the complaint filed in this case in October 2012, would be

untimely.

Labelle also argues that Defendants "have failed to meet their burden" to show that the equitable tolling doctrine should not be applied in this case. (Ans. SP Dis 2). However, it is Labelle, not Defendants who bears the burden to show that extraordinary circumstances existed that prevented her from timely filing and that equitable tolling is justified in the instant action. *See, e.g., Credit Suisse Securities (USA) LLC v. Simmonds*, 132 S.Ct. 1414, 1419 (2012); *Draper*, 664 F.3d at 1113 n.5; *Williams v. Buss*, 538 F.3d 683, 685 (7th Cir. 2008); *Casteel v. Executive Bd. of Local 703 of Intern. Broth. of Teamsters*, 272 F.3d 463, 467 (7th Cir. 2001); *Stark v. Dynascan Corp.*, 902 F.2d 549, 551-52 (7th Cir. 1990). Labelle has not met her burden to show that equitable tolling is applicable. The facts alleged indicate that Labelle should have known that she was allegedly injured in October 2009 when she was charged the $20 fee for the Videotape. *See Draper*, 664 F.3d at 1113 (explaining that the court should "identify the injury" and "determine when the plaintiff could have sued for that injury"). Labelle has not provided justification for waiting over three years to bring Section 1983 claims to seek redress for such alleged wrong. Therefore, Defendants' motions to dismiss the Section 1983 claims are granted.

II.  Remaining State Law Claims

Having resolved the federal claims in this case, the court must determine whether to continue to exercise supplemental jurisdiction over the remaining state law claims.  Labelle indicates in the complaint that this court has federal question jurisdiction over the Section 1983 claims and supplemental subject matter jurisdiction over the state law claims.  (Compl. Par. 1).  Once the federal claims in an action no longer remain, a federal court has discretion to decline to exercise supplemental jurisdiction over any remaining state law claims.  *See Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251-252 (7th Cir. 1994)(stating that "the general rule is that, when all federal-law claims are dismissed before trial, the pendent claims should be left to the state courts").  The Seventh Circuit has indicated that there is no "'presumption' in favor of relinquishing supplemental jurisdiction. . . ."  *Williams Electronics Games, Inc. v. Garrity*, 479 F.3d 904, 906-07 (7th Cir. 2007).  The Seventh Circuit has stated that, In exercising its discretion, the court should consider a number of factors, including "the nature of the state law claims at issue, their ease of resolution, and the actual, and avoidable, expenditure of judicial resources. . . ."  *Timm v. Mead Corp.*, 32 F.3d 273, 277 (7th Cir. 1994).
 The court has considered all of the pertinent factors and, as a matter of discretion, the court declines to exercise supplemental jurisdiction over the remaining state law

claims.  Such claims are therefore dismissed without prejudice.

## CONCLUSION

Based on the foregoing analysis, Defendants' motions to dismiss the Section

1983 claims brought against them in Count I are granted and the state law claims

brought in Counts II, III, and IV dismissed without prejudice.


_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   March 28, 2013